UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

ROBERT HOSSFELD,

                 Plaintiff,                 Civil Action No.:

    v.

LIFEWATCH, INC., LIFEWATCH, INC. d/b/a       **COMPLAINT**
LIFEWATCH USA, MEDWATCH USA,
MEDICAL GUARD, ABC CORPORATIONS
1-10, AND JOHN DOES 1-10,

                 Defendants.
_____X

Plaintiff, ROBERT HOSSFELD, by way of this Complaint against defendants, alleges upon personal knowledge as to himself, and, as to other matters, upon information and belief, including the investigation of counsel, as follows:

## JURISDICTION

1. This action arises out of the defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and New York General Business Law, including Section 399, and the invasions of the plaintiff's personal privacy.

2. Jurisdiction and venue are proper in this Court and District pursuant to 28 U.S.C. § 1331 as the action arises under the TCPA (a federal statute) and 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

3. The claims arise under a federal statute and a New York statute: the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and New York General Business Law ("GBL") § 399.

## PARTIES

4. The plaintiff, Robert Hossfeld ("plaintiff"), is an adult individual residing at 1808 Southview Drive, Salado, Texas 76571.

5. The defendants, LifeWatch, Inc., Lifewatch, Inc. d/b/a Lifewatch USA, Medwatch USA and/or Medical Guard ("defendants"), are New York business entities with an address of 266 Merrick Road, Lynbrook, New York, 11563.

## FACTS

6. Beginning in and around December, 2014, defendants placed calls to plaintiff's cellular telephone, number 254-217-3013.

7. At all times mentioned herein, the defendants, acting on their own and/or on behalf of others, made telemarketing calls to plaintiff's number.

8. Some or all of the calls were made using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or pre-recorded voice.

9. The defendants repeatedly made unsolicited promotional and/or sales and/or marketing telephone calls to plaintiff, whose telephone number appeared on the National Do Not Call Registry – in violation of the Telephone Consumer Protection Act, 47U.S.C. § 227 (the "TCPA") and other applicable statutes including the New York General Business Law.

10. By making the telephone calls at issue in this Complaint, defendants caused plaintiff actual harm, including the aggravation and nuisance, as well as the invasion of privacy, which necessarily accompanies the receipt of unsolicited and harassing telephone calls.

11. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to defendants' unlawful conduct, plaintiff brings the instant lawsuit and seeks an injunction requiring defendant to cease all unsolicited telephone calling activities and an award of statutory damages under the TCPA and other applicable statutes, together with costs and reasonable attorneys' fees.

12. When plaintiff answered the calls from the defendants, acting on their own and/or on behalf of others, he would hear a pre-recorded message and/or live person concerning medical alarm systems.

13. Some or all of the calls informed plaintiff that someone purchased a monitoring device for him and he just had to pay the fees. Some calls told him about other items he had been selected to receive, including $1,000 of groceries.

14. Plaintiff tried to stop the calls but defendants continued calling his number.

15. Eventually, plaintiff placed an order so he could get more information about, and proof of, the improper and annoying calls. The purchase is proof that the calls are from and/or on behalf of the defendants. The plaintiff also spoke to LifeWatch's office, which is further proof.

16. Regardless of the plaintiff's repeated requests, the defendants, acting on their own and/or on behalf of others, continued to place calls to plaintiff's cellular telephone. (A chart listing some of the calls is attached to this Complaint.)

17. Plaintiff did not provide the defendants, acting on their own and/or on behalf of others, prior express consent to call him on his cellular telephone.

18. Plaintiff does not have any form of a relationship with defendants, has never used defendants' services, has never provided his telephone number directly to defendants, or requested that defendants place calls to him or offer him their services. Simply put, Plaintiff has never provided defendants with his prior express consent to place calls to him and has no prior or current business relationship with defendants.

19. Plaintiff's telephone number has been registered with the National Do Not Call Registry since September 13, 2013 for the explicit purpose of avoiding telemarketing calls just like those alleged in this case.

20. Since around December, 2014, plaintiff has received at least 60 to 80 calls from defendants, including numerous calls after he requested that the calls cease.

21. Defendants are and were aware that the above-described telephone calls were and are being made to consumers like plaintiff who have not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

GAINEY McKENNA & EGLESTON, 95 *Route 17 South, Suite 310, Paramus, NJ 07652 - T: 201-225-9001, F: 201-225-9002*

22. The defendants continuing calls constituted "willful and knowing" violations of the TCPA and/or other applicable laws.

23. Defendants knowingly made (and continue to make) these telemarketing calls to plaintiff without his prior express consent to do so. Most notably, defendants place repeated and unwanted calls to plaintiff whose phone number is registered with the National Do Not Call Registry. Consumers like the plaintiff register their phone numbers on the Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

24. Defendants also knowingly made (and continue to make) these telemarketing calls after plaintiff requested that the calls cease. In so doing, defendants not only invaded the personal privacy of plaintiff, but also intentionally and repeatedly violated the TCPA.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.* AND NEW YORK GENERAL BUSINESS LAW § 399-P

25. Plaintiff repeats and re-alleges, and incorporated herein, each and every allegation contained in Paragraphs "1" through "24" inclusive of this Complaint as if fully set forth herein.

26. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

27. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

28.  47 C.F.R. § 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extend described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

29.  47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1)  Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2)  Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3)  Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes, (or on whose behalf such calls are made), must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.
>
> (4)  Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900

5

number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertises.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

30. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to plaintiff who registered his telephone number on the National Do-Not-Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. Plaintiff requested to not receive calls from defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

31. Defendants made more than one unsolicited telephone call to plaintiff within a 12-month period without his prior express consent to make such calls. Plaintiff never provided any form of consent to receive telephone calls from defendants, and/or defendants do not have a current record of consent to place telemarketing calls to him.

32. Defendants violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to plaintiff without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

33. Defendant violated 47 U.S.C. § 227(c)(5) because plaintiff received more than one telephone call in a 12-month period made by or on behalf of defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of defendants' conduct as alleged herein, plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

34. To the extent defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the plaintiff.

35. At all times mentioned herein and within the last year, the defendants, acting on their own and/or on behalf of others, called plaintiff on his cellular telephone including the use of an ATDS or predictive dialer and/or by using a pre-recorded or artificial voice.

36. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call . . ." 2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration". *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned". *Id.*

37. Defendants' telephone systems have all the earmarks of a predictive dialer. Often times when plaintiff answered one or more of the defendants, acting on their own and/or on behalf of others' calls, he was met with a pre-recorded message.

38. Upon information and belief, one or more of the defendants, acting on their own and/or on behalf of others, predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

39. Plaintiff did not provide and/or revoke his consent to be contacted on his cellular telephone, and in fact instructed one or more of the defendants, acting on their own and/or on behalf of others, on multiple occasions to stop all calls to him and cease calling his cellular telephone.

7

40. Furthermore, all or some of the pre-recorded messages utilized by one or more of the defendants, acting on their own and/or on behalf of others, did not contain interactive opt-out mechanisms as required by the TCPA's implementing regulations.

41. One or more of the defendants, acting on their own and/or on behalf of others, continued to place automated calls to plaintiff's cellular telephone after being advised multiple times by plaintiff that they were calling a prohibited telephone number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

42. The calls from one or more of the defendants, acting on their own and/or on behalf of others, to plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

43. Each of the aforementioned calls made by one or more of the defendants, acting on their own and/or on behalf of others, constitutes a violation of the TCPA.

44. As a result of each call made in negligent violation of the TCPA, plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

45. As a result of each call made in knowing and/or willful violation of the TCPA, plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff is also entitled to injunctive relief and/or attorneys' fees.

47. Plaintiff is entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining defendants from violating 47 U.S.C. § 227(b)(1).

48. New York General Business Law § 399. GBL § 399 provides that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number

8

of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law and is based on the fact that the robocalls did not comply with that provision's identification requirements". GBL § 399.

49. Persons whose rights under § 399 are violated are entitled, pursuant to GBL § 399, to the greater of actual damages or $50.00 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.00.

## SECOND CAUSE OF ACTION

50. Plaintiff repeats and re-alleges, and incorporated herein, each and every allegation contained in Paragraphs "1" through "49" inclusive of this Complaint as if fully set forth herein.

51. The placement of defendants' robocalls to plaintiff as set forth herein, violated New York General Business Law § 399.

52. Plaintiff is entitled to statutory damages of $50.00 pursuant to New York General Business Law §399.

53. Plaintiff is entitled to an Order, pursuant to New York General Business Law § 399, enjoining defendants from violating New York General Business Law § 399.

54. Plaintiff is entitled to reasonable legal fees pursuant to New York General Business Law § 399.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that judgment be awarded in the plaintiff's favor and against the defendants as follows:

1. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

9

3.  Actual damages from the defendant for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the plaintiff;

4.  Punitive damages;

5.  Injunctive relief, including pursuant to 47 U.S.C. § 227(b)(3)(A) and pursuant to New York General Business Law § 399, requiring defendant to cease all unsolicited telephone calling activities in violation of 47 U.S.C. § 227(b)(1) and in violation of New York General Business Law § 399, and otherwise protecting the interests of the plaintiff;

6.  An award of reasonable attorneys' fees and costs; and

7.  Such other and further relief that the Court deems reasonable and just.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

March 2, 2016

GAINEY McKENNA & EGLESTON

By: _____
Barry J. Gainey, Esq. (BG 7560)
95 Route 17 South, Suite 310
Paramus, New Jersey 07652
Telephone: (201) 225-9001
Facsimile: (201) 225-9002
*Attorneys for Plaintiff*

# CALL LOG
# LIFEWATCH CALLS MADE TO ROBERT HOSSFELD

1/20/16

|  | Hossfeld's Phone Number That LifeWatch Called (NUMBER IS ON THE DO-NOT-CALL REGISTRY) | Phone Number Used By LifeWatch To Call Hossfeld / Or Number Provided To Him By LifeWatch | Date and/or Time Call Was Made To Hossfeld |
|---|---|---|---|
| 1. | 254-217-3013 | 855 & 208 | 12/10/14 |
| 2. | 254-217-3013 | 855-937-8573<br>517-295-8547<br>603-249-8767<br>855-796-4545 | 12/11/14 |
| 3. | 254-217-3013 | 603 & 208 | 12/11/14 |
| 4. | 254-217-3013 | 800-716-1433 | 12/12/14<br>10:02 a.m. |
| 4. | 254-217-3013 | 800-716-1433 | 12/12/14<br>10:24 a.m. |
| 4. | 254-217-3013 | 800-716-1433 | 12/12/14<br>8:55 a.m.<br>22.36 Minutes |
| 5. | 254-217-3013 | 843-748-9641 | 12/12/14<br>1:30 p.m. |
| 6. | 254-217-3013 |  | 12/18/14<br>1:50 p.m.<br>1:52 p.m.<br>1:54 p.m.<br>1:57 p.m. |
| 7. | 254-217-3013 | 410-985-6570 | 12/19/14<br>4:42 p.m. |
| 8. | 254-217-3013 | 658 # | 12/19/14 |
| 9. | 254-217-3013 | 410-985-6570 | 12/22/17<br>11:07 a.m. |

|     |              |              |                     |
| --- | ------------ | ------------ | ------------------- |
| 10. | 254-217-3013 | 410-985-6570 | 12/22/17 5:06 p.m.  |
| 11. | 254-217-3013 | 410-985-6750 | 12/22/17 6:44 p.m.  |
| 12. | 254-217-3013 | 410-985-6570 | 12/24/14 1:56 p.m.  |
| 13. | 254-217-3013 | 410-985-6570 | 12/24/14 1:09 p.m.  |
| 14. | 254-217-3013 | 410-985-6570 | 12/26/14 4:41 p.m.  |
| 15. | 254-217-3013 | 410-986-6870 | 12/24/14 1:09 p.m.  |
| 16. | 254-217-3013 | 410-985-6570 | 12/24/14 2:08 p.m.  |
| 17. | 254-217-3013 | 620-309-8565 | 12/30/14 10:20 a.m. |
| 18. | 254-217-3013 | 219-654-8687 | 1/7/15 2:42 p.m.    |
| 19. | 254-217-3013 | 219-654-8687 | 1/8/15 1:32 p.m.    |
| 20. | 254-217-3013 | 620-309-8565 | 1/10/15 11:59 a.m.  |
| 21. | 254-217-3013 | 410-985-6570 | 1/14/15 9:35 a.m.   |
| 22. | 254-217-3013 | 804-250-9647 | 1/19/15 4:10 p.m.   |
| 23. | 254-217-3013 | 219-654-8687 | 1/21/15 9:07 a.m.   |
| 24. | 254-217-3013 | 410-985-6570 | 1/23/15 2:00 p.m.   |

| | | | |
|---|---|---|---|
| 25. | 254-217-3013 | 918-570-5402 | 1/24/15<br>10:53 a.m. |
| 26. | 254-217-3013 | 410-985-6570 | 1/28/15<br>11:52 a.m. |
| 27. | 254-217-3013 | 870-463-8589 | 1/30/15<br>9:38 a.m. |
| 28. | 254-217-3013 | 913-674-8956 | 1/30/15<br>1:37 p.m. |
| 29. | 254-217-3013 | 410-985-6570 | 2/3/15<br>4:11 p.m. |
| 30. | 254-217-3013 | 870-463-8589 | 2/3/15<br>3:27 p.m. |
| 32. | 254-217-3013 | 517-295-8547 | 1/21/15<br>9:58 a.m. |
| 32. | 254-217-3013 | 517-295-8547 | 1/21/15 |
| 33. | 254-217-3013 | | 2/5/15<br>12:15 p.m. |
| 34. | 254-217-3013 | 913-674-8956 | 2/10/15<br>12:53 p.m. |
| 35. | 254-217-3013 | 410-985-6570 | 2/17/15<br>5:26 p.m. |
| 36. | 254-217-3013 | 509-369-5425 | 2/23/15<br>2:23 p.m. |
| 37. | 254-217-3013 | 410-985-6570 | 2/27/15<br>1:38 p.m. |
| 38. | 254-217-3013 | 410-985-6570 | 3/12/15<br>9:12 a.m. |
| 39. | 254-217-3013 | 410-985-6570 | 3/12/15<br>12:04 p.m.<br>21 Minute Call |

| | | | |
|---|---|---|---|
| 40. | 254-217-3013 | 410-985-6570 | 3/14/15<br>9:16 a.m. |
| 41. | 254-217-3013 | 410-985-6570 | 3/14/15<br>12:39 p.m. |
| 42. | 254-217-3013 | 410-985-6570 | 3/14/15<br>12:39 p.m. |
| 43. | 254-217-3013 | 410-985-6570 | 3/14/15<br>12:40 p.m. |
| 44. | 254-217-3013 | 410-985-6570 | 3/17/15<br>11:08 a.m. |
| 45. | 254-217-3013 | 410-985-6570 | 3/19/15<br>11:21 a.m. |
| 46. | 254-217-3013 | 620-309-8565 | 3/20/15<br>2:11 p.m. |
| 47. | 254-217-3013 | 620-309-8565 | 3/21/15<br>12:27 p.m. |
| 48. | 254-217-3013 | 620-309-8565 | 3/23/15<br>10:56 a.m. |
| 49. | 254-217-3013 | 304-263-5785 | 3/24/15<br>2:11 p.m.<br>(2.45 Minutes) |
| 50. | 254-217-3013 | 843-748-9641 | 4/15/15<br>3:48 p.m. |
| 51. | 254-217-3013 | 603-249-8767 | 4/16/15<br>2:09 p.m. |
| 52. | 254-217-3013 | 304-263-5785 | 4/20/15<br>8:59 p.m. |
| 53. | 254-217-3013 | 843-748-9641 | 4/24/15<br>1:45 p.m. |

| | | | |
|---|---|---|---|
| 54. | 254-217-3013 | 786-452-4865 | 9/8/15<br>3:08 p.m. |
| 55. | 254-217-3013 | 786-452-4865 | 9/14/15<br>3:05 p.m. |
| 56. | 254-217-3013 | 786-452-4865 | 9/15/15<br>9:50 a.m. |
| 57. | 254-217-3013 | 800-615-8364<br>"Laverne Call" | 9/17/15<br>5:56 p.m. |
| 58. | 254-217-3013 | 407-454-3602 | 9/18/15<br>10:13 a.m. |
| 59. | 254-217-3013 | 407-454-3602 | 9/18/15<br>10:46 a.m. |